# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs February 1, 2011

## STATE OF TENNESSEE v. GUY T. GRAVES

**Appeal from the Circuit Court for Madison County**
**No. 09-757   Donald Allen, Judge**

---

**No.  W2010-00984-CCA-R3-CD  - Filed March 8, 2011**

---

Appellant, Guy T. Graves, was indicted in November of 2009 by the Madison County Grand Jury for three counts of burglary.  At trial, the trial court granted Appellant's motion for acquittal on count three of the indictment.  The jury found Appellant guilty of the two remaining charges.  The trial court sentenced Appellant as a Range III, persistent offender, to twelve years for each conviction, ordering Appellant to serve the sentences consecutively. After the denial of a motion for new trial, the following issues are presented for this Court on appeal: (1) whether the evidence was sufficient to establish Appellant's identity as the perpetrator of the crimes; and (2) whether the trial court properly ordered consecutive sentencing.  After a review of the record, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Gregory D. Gookin, Assistant Public Defender, Jackson, Tennessee, for the appellant, Guy T. Graves.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; Jerry Woodall, District Attorney General; and Brian Gilliam, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Factual Background*

On April 18, 2009, Express Mail Depot and Green Frog Café in Jackson, Tennessee, were burglarized. Brandy Stewart, the owner of Express Mail Depot, explained that someone used a brick to break the glass door and take a pair of donation jars off the front counter. The donation jars were for Jackson Downtown Development and a friend who had lost a child. The jars contained about $150 and were visible from the front window of the business. Video surveillance of the storefront showed a man breaking into the building and running out.

Adam Kuykendall was employed by the Green Frog Café in April of 2009. The Green Frog Café is located next door to the Express Mail Depot. On April 18, 2009, at around 2:45 a.m., the glass in the front door of the Green Frog Café was broken with a brick. Missing from the business was a donation jar containing about thirty to forty dollars. Mr. Kuykendall saw the surveillance video of the burglary at Green Frog Café and Express Mail Depot on Monday morning. In each video, the perpetrator is seen approaching the building, throwing a brick through a window, entering the building, and leaving with a jar in his hands.

After the burglaries, Appellant was identified as a suspect from a tip on a crime stoppers telephone call. Eddie McClain, a Jackson Police Department Investigator, noted that the same subject was visible in each video, wearing a distinctive cap. The perpetrator also had a goatee. Investigator McClain photographed Appellant after taking him into custody. When Investigator McClain first met Appellant, he was wearing "the same hat that was in the [surveillance] video." In addition, Appellant was also wearing a gray and black jacket.

At the conclusion of the proof, counsel for Appellant moved for a judgment of acquittal. The trial court granted the motion with respect to Count Three[1] of the indictment. After deliberation, the jury found Appellant guilty of two counts of burglary.

The trial court held a separate sentencing hearing at which Appellant was sentenced to consecutive twelve year terms as a Range III, persistent offender. On appeal, Appellant challenges the sufficiency of the evidence and the trial court's decision to order consecutive sentencing.

---

[1] Count Three dealt with the burglary of The Discovery Museum. There was no surveillance video showing this burglary.

*Analysis*

On appeal, Appellant argues that the evidence is insufficient to sustain his convictions for burglary. Specifically, Appellant stated it "was not proven beyond a reasonable doubt that Appellant was the individual who committed these burglaries." The State, on the other hand, argues that it was the jury's prerogative to determine from the evidence that Appellant was the perpetrator of the offenses.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994); *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. *Id.* The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. *See* Tenn. R. App. P. 13(e); *Harris*, 839 S .W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *See Tuggle*, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 779. Further, questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990).

Appellant argues that because the witnesses were unable to identify him without question, the evidence is insufficient. We agree with Appellant that the identity of the perpetrator is an essential element of any crime. *State v. Thompson*, 519 S.W.2d 789, 793 (Tenn. 1975). However, the identification of the defendant as the person who committed the crime is a question of fact for the trier of fact. *See State v. Strickland*, 885 S.W.2d 85, 87 (Tenn. Crim. App. 1993).

Burglary is committed when a person "without the effective consent of the property owner . . . [e]nters a building other than a habitation . . . not open to the public, with intent to commit a felony, theft or assault." T.C.A. § 39-14-402(a).

The evidence at trial included surveillance video from the two stores that were burglarized. On the videos, the perpetrator appears to be the same person. The video shows a man wearing a dark jacket and hat with a distinct pattern. The perpetrator has facial hair. The perpetrator is shown throwing something through the window or door of each business, later exiting with a container in his hands. When Appellant was arrested, he was wearing a hat with a distinct pattern. The evidence at trial was sufficient for the jury to determine Appellant's identity. Appellant is not entitled to relief on this issue.

*Sentencing*

Next, Appellant challenges the trial court's decision to order Appellant to serve the sentences consecutively. Specifically, Appellant acknowledges that he "does have eleven prior felony conviction[s] and approximately thirteen prior misdemeanor convictions, which can support a finding that Appellant has an extensive criminal history" but urges this Court to modify the sentences to run concurrently because, as a Range III offender, he will "still have to serve nearly six years in prison before being eligible for parole" and "such a lengthy period of confinement would more than suffice to accomplish the goals of sentencing, and would not depreciate the seriousness of the offenses. . . ." The State argues that the trial court properly ordered consecutive sentencing after considering the record and the sentencing principles.

"When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of the issues. The review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d). "[T]he presumption of correctness 'is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances.'" *State v. Carter*, 254 S.W.3d 335, 344-45 (Tenn. 2008) (quoting *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991)). "If . . . the trial court applies inappropriate mitigating and/or enhancement factors or otherwise fails to follow the Sentencing Act, the presumption of correctness fails." *Id.* at 345 (citing *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992)). We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." *Ashby*, 823 S.W.2d at 169.

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, first determines the range of sentence and then determines the specific

sentence and the appropriate combination of sentencing alternatives by considering: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts regarding sentences for similar offenses; (7) any statements the defendant wishes to make in the defendant's behalf about sentencing; and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-210(a), (b), -103(5); *State v. Williams*, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

When imposing the sentence within the appropriate sentencing range for the defendant:

> [T]he court shall consider, but is not bound by, the following *advisory* sentencing guidelines:
>
> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and
>
> (2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

T.C.A. § 40-35-210(c) (emphasis added). However, the weight given by the trial court to the mitigating and enhancement factors are left to the trial court's discretion and are not a basis for reversal by an appellate court of an imposed sentence. *Carter*, 254 S.W.3d at 345. "An appellate court is . . . bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." *Id.* at 346.

"The amended statute no longer imposes a presumptive sentence." *Carter*, 254 S.W.3d at 343. As a result of the amendments to the Sentencing Act, our appellate review of the weighing of the enhancement and mitigating factors was deleted when the factors became advisory, as opposed to binding, upon the trial court's sentencing decision. *Id.* at 344. Under current sentencing law, the trial court is nonetheless required to "consider" an advisory sentencing guideline that is relevant to the sentencing determination, including the

application of enhancing and mitigating factors. *Id.* The trial court's weighing of various mitigating and enhancement factors is now left to the trial court's sound discretion. *Id.*

To facilitate appellate review, the trial court is required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. *See id.* at 343; *State v. Samuels*, 44 S.W.3d 489, 492 (Tenn. 2001). If our review reflects that "the trial court appl[ied] inappropriate mitigating and/or enhancement factors or otherwise fail[ed] to follow the Sentencing Act, the presumption of correctness fails" and our review is de novo. *Carter*, 254 S.W.3d at 345.

A trial court may impose consecutive sentences upon a determination that one or more of the criteria set forth in Tennessee Code Annotated section 40-35-115(b) exists. This section permits the trial court to impose consecutive sentences if the court finds, among other criteria, that:

(1) The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;

(2) The defendant is an offender whose record of criminal activity is extensive;

(3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

T.C.A. § 40-35-115(b). When imposing a consecutive sentence, a trial court should also consider general sentencing principles, which include whether or not the length of a sentence is justly deserved in relation to the seriousness of the offense. *See State v. Imfeld*, 70 S.W.3d 698, 708 (Tenn. 2002). The imposition of consecutive sentencing is in the discretion of the trial court. *See State v. Adams*, 973 S.W.2d 224, 230-31 (Tenn. Crim. App. 1997).

Appellant was convicted of two counts of burglary, both Class D felonies.

In this case, the trial court based the imposition of consecutive sentencing on Tennessee Code Annotated section 40-35-115(b)(2), the defendant is an offender whose record of criminal activity is extensive. After making it clear that the trial court had considered the evidence at trial and sentencing as well as the presentence report, the principles of sentencing, the nature and characteristics of the criminal conduct involved, the mitigating factors, sentencing practices in Tennessee, the Appellant's statements on his presentence report and the potential for rehabilitation, the trial court made the following statement with regard to consecutive sentencing:

> I'm now looking at an individual, [Appellant], who has eleven felony convictions and thirteen misdemeanor convictions, most of which have occurred in the last fifteen years. Again, it's interesting to note that that's the same time period that the defendant says he's been dealing with drug and alcohol addiction over the last 16/17 years. Well, he's basically using crime as a way to fuel his drug habit. There's no doubt about that. When you look at this prior criminal history of burglaries, forgeries, trespass, thefts, stolen property, you now, it's all related to drug addiction. There's no question about it. Yet he tells me that in February of 2009, he simply resolved his drug addiction. That's what he tells me, but, yet, I have to question that because I see him committing more acts in April of 2009 and then as recent as January of this year, committing more criminal acts. You know, based upon all of these factors that I've talked about, the Court finds that these sentences of 12 years should be run consecutive . . . .

>       . . . .

The interests of society need to be protected from this defendant who has a long history where measures less restrictive than confinement have been used frequently and recently, as recently as two years ago, without success to this defendant.

The Court finds again that his potential for rehabilitation is very poor.

In our review, the record shows that Appellant has indeed had at least eleven felony convictions and thirteen misdemeanor convictions. We conclude that Appellant's criminal history is enough to support the imposition of consecutive sentences pursuant to Tennessee Code Annotated section 40-35-115(b)(2). Therefore, this issue is without merit.

*Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed.

_____
JERRY L. SMITH, JUDGE